Dear Judge Miller:
This office is in receipt of your opinion request in which you ask about the appropriate salary for the District 3 justice of the peace and constable in St. Charles Parish.
We appreciate the pertinent facts to be as follows:
The St. Charles Parish justice of the peace and constable elections scheduled in fall, 1996 for terms beginning January 1, 1997 were postponed due to redistricting problems and the corresponding suit entitled Henry R. Miller, Jr., et al v.Charles J. Oubre, Jr. in His Capacity as Clerk of Court for St.Charles Parish, et al, No. 96-C 631, Court of Appeal, Fifth Circuit. The justices of the peace and constables in office remained in office until such time as that election was held on October 18, 1997. On June 1, 1997, the salary for the District 3 justices of the peace and constables for St. Charles Parish was reduced to the salary of the Justices of the Peace and Constables of the other districts in St. Charles Parish. On July 17, 1997, Attorney General Opinion No. 97-273 was issued regarding this pay reduction. This opinion stated that, as of July 18, 1997, the St. Charles Parish Council does not have the authority to reduce the salary of any justice of the peace or constable in St. Charles Parish who is continuing to serve until, pursuant to a Louisiana Supreme Court ruling, the legislature redraws the district lines in St. Charles Parish and until new elections are held. On October 20, 1997, two (2) days after the election, the St. Charles Parish Council passed Resolution No. 4440 supporting retroactive reinstatement of the additional compensation for the District 3 justice of the peace and constable. The retroactive pay and corresponding increase to the prior pay level was paid to the District 3 justice of the peace and constable through November 12, 1997. Since November 12, 1997 the District 3 justice of the peace and constable have been paid at the reduced rate.
Justices of the peace and constables are paid a salary by the parish pursuant to R.S. 13:2589 which states in part:
 § 2589. Compensation of justices of the peace and constables in criminal matters
 A. Justices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded.
The St. Charles Parish Council, as the governing authority of St. Charles Parish, has the authority to set salaries for justices of the peace and constables as per the above cited statute. The issue at hand is the interpretation of Resolution No. 4440 adopted by the parish council on October 20, 1997. The Resolution states that the parish council supports "the retroactive reinstatement of additional compensation for the District 3 justice of the peace and constable". Given the language of the Resolution, this could take one of at least two meanings.
If the parish council intended to retroactively reinstate the additional compensation permanently, then the District 3 justice of the peace and constable must be paid the additional salary for the rest of the term in which they currently serve, which term ends December 31, 2002. However, if the parish council merely intended to reinstate the backpay to the District 3 justice of the peace and constable, in accordance with Attorney General Opinion 97-273, and did not intend to continue that additional compensation into the current term, then the District 3 justice of the peace and constable should not receive the additional compensation during this present term.
Please note the attached Attorney General Opinion No. 98-30 which states "when there is a vacancy in office during the term of an elected official of a Lawrason Act municipality [in this case the Chief of Police], the compensation for the official to be elected to that office may be reduced prior to the holding of a special election to fill the position; however, once the official is elected, his compensation may not be reduced during the term for which he was elected. The law applies to the elected official, and not the office itself." The same principles apply to justices of the peace and constables.
The St. Charles Parish Council may not reduce the salary of the District 3 or any other justice of the peace and constable during this present term for which he has been elected. Any reduction can be for subsequent terms only.
As the salaries for justices of the peace and constables are to be fixed by the parish governing authority, and as the intent of the St. Charles Parish Council was unclear in the Resolution No. 4440, our office is unable at this time to render an official opinion as to the amount of compensation which should be received by the District 3 justice of the peace and constable. It is our opinion that this matter should be taken back to the St. Charles Parish Council for clarification as to which of the above interpretations the parish council intended in Resolution No. 4440. The parish council should thus take this matter up at the earliest convenience and clarify Resolution No. 4440. Once clarified, the District 3 justice of the peace and constable should be paid the appropriate amount as per the outcome of the clarification.
We hope this opinion sufficiently addresses your concerns. If our office may be of further service, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb
State of Louisiana
DEPARTMENT OF JUSTICE CIVIL DIVISION BATON ROUGE One American Place RICHARD P. IEYOUB 70804-9095 301 Main Street, ATTORNEY GENERAL Suite 600 TEL: (504)342-7013 FAX: (504)342-2090